IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| FRANSISCO GONZALEZ-ESPINOZA | * | Civil Case No. AW-11-980 |
|  | * | Crim Case No. AW-09-211 |
| v. | * |  |
|  | * |  |
|  | ****** |  |
| UNITED STATES OF AMERICA |  |  |

## **MEMORANDUM OPINION**

Before the Court is a Motion/Petition filed by the Petitioner/Defendant, Fransisco Gonzalez-Espinoza. On April 22, 2009, a Federal Grand Jury for the District of Maryland charged Petitioner with reentry of alien deported after an aggravated felony conviction in violation of 8 U.S.C. § 1326 (a) and (b) (2). Pursuant to a plea agreement dated May 20, 2009, (and signed on June 24, 2009) Petitioner pled guilty to the indictment on July 15, 2009. On October 29, 2009 Petitioner was sentenced to 46 months incarceration with the Bureau of Prisons and Judgment was entered the next day on October 30, 2009. On October 13, 2011, Petitioner filed this Petition (originally styled as a Petition for Writ of Habeas Corpus) which has been entered as a Petition to Vacate under to 18 U.S.C. § 2255. Petitioner alleges two grounds in support of his Petitioner. Neither of these grounds is particularly clear. The first claim asserts that Petitioner was not previously convicted of any federal immigration case. The second claim alleges ineffective assistance of counsel. No facts or specifics have been presented in support of either ground. The Government has responded/answered [to] the Petition and the matter is now ripe for resolution.

The discussion and resolution of Petitioner's Motion to Vacate will not detain the

Court very long. Quite candidly, and to state the obvious, the Petition is untimely. 28 U.S.C. § 2255 requires a Petitioner to file his Motion within one year on which the judgment became final. No appeal was taken in this case; therefore, Petitioner's conviction became final on October 30th, 2009. Petitioner had one year from that date up until October 30, 2010 in which to bring his § 2255 Motion. Petitioner did not file the instant Motion until October 13, 2010 which is some 166 days late under 28 U.S.C 2255 (f) (1). The Motion, therefore, is untimely and must be denied unless Petitioner has and can show in his Motion that the Government created impediments to making a timely motion, or the Supreme Court has retroactively recognized a right previously asserted by Petitioner, or there were circumstances beyond Petitioner's control or unknown to Petitioner which prevented Petitioner from timely filing his Motion. Nowhere in his petition has Petitioner presented any basis to support equitable tolling of the statute of limitations.

The long and short of the matter is that this Petition is untimely and, accordingly, Petitioner's Motion pursuant to § 2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1) "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here,

the Court had concluded that Petitioner's Motion is untimely and no basis for equitable tolling has been demonstrated or presented.  It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

       A separate Order will be issued.


Date:  June 7, 2011                                        _____/s/_____
                                                               Alexander Williams, Jr.
                                                               United States District Judge